UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
BIMAL BUDATHOKI and DEEPA THAPA,

                    Plaintiffs,

      - versus -

HIMALAYAN MALINGO INC., NAMASTE NEPAL
RESTAURANT AND BAR INC., NETRA GURUNG,
PADAM GURUNG, PREM GURUNG, SOM GURUNG,
and TEK GURUNG,

                    Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

**COMPLAINT**

**17-cv-851**

**ECF CASE**

## NATURE OF THE ACTION

1. Plaintiffs were a musician and a server for a Nepalese restaurant, Malingo Restaurant, owned and operated by Defendants and located at 43-16 Queens Boulevard in Sunnyside, New York. Plaintiffs worked for Defendants at various times between 2012 and December 2016.

2. Plaintiff Budathoki worked as a musician in the restaurant's basement for over four years. After or on about April 17, 2016, Defendants stopped paying Plaintiff, until he left his job at the Restaurant on or about June 24, 2016. Defendants never paid Plaintiff for the vast majority of this period of work, and would not let him enter the premises to retrieve his musical equipment, which Defendants continue to unlawfully retain.

3. Plaintiff Thapa worked as a server at the restaurant. Throughout the course of her employment, Plaintiff's wages fell below the legal minimum wage as required by federal and state law. Defendants also stole a portion of Plaintiff's tips and took unlawful deductions from

1

her wages. Additionally, Plaintiff often worked more than 40 hours per week and was never paid proper overtime pay or "spread of hours" pay required under New York State Labor Law.

4. Plaintiffs bring this action to obtain their unpaid wages, lawful minimum wages, overtime wages, stolen tips, and recover personal property.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over Plaintiffs' federal claims pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), and 28 U.S.C. §§ 1331 and 1337.

6. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367(a).

7. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b)(1) in that at least one defendant resides in the district.

## PARTIES

### PLAINTIFFS

8. Plaintiff Bimal Budathoki was employed as a musician at Malingo Restaurant from on or about January 2012 until or on about June 24, 2016. He worked at the restaurant every Friday, Saturday and Sunday throughout the duration of his employment. At all times relevant to this action, Defendants exercised full control over Plaintiff Budathoki's work at the restaurant. Defendants required him to purchase his own musical equipment, an electronic keyboard and microphone, which he left at the restaurant on his days off. His wages and working hours were set by Defendants and were not negotiable. Defendants also instructed him regarding what kind of music to play, when to begin playing and when to stop playing. Plaintiff

2

Budathoki did not regularly perform as a musician anywhere else during his employment by Defendants.

9. Plaintiff Deepa Thapa was employed as a server at Malingo Restaurant from on or about August 26, 2016 until on or about December 25, 2016.

10. Plaintiffs were engaged in commerce. On information and belief, Plaintiff Budathoki used musical equipment during the course of his employment, such as an electronic keyboard and microphone, which traveled in interstate commerce. Plaintiff Thapa also swiped customer credit cards while working at the restaurant's cash register. All employees at Malingo Restaurant are engaged in an industry affecting commerce.

11. At all times relevant to this action, Plaintiffs were Defendants' employees within the meaning of the Fair Labor Standards Act and New York Labor Law.

## DEFENDANTS

12. Defendant Himalayan Malingo Inc. is a corporation organized and existing under the laws of the State of New York, incorporated on July 11, 2012. It does business as Malingo Restaurant located at 43-16 Queens Boulevard, Sunnyside, New York.

13. Defendant Namaste Nepal Restaurant and Bar Inc. is a corporation organized and existing under the laws of the State of New York, incorporated on December 20, 2016. It does business as Malingo Restaurant located at 43-16 Queens Boulevard, Sunnyside, New York. Namaste Nepal Restaurant and Bar Inc. is the successor corporation of Defendant Himalayan Malingo Inc. and a continuation of that corporation in that it possesses a common identity, with the same owners, managers, employees, and restaurant operation. On information and belief, Defendants Netra Gurung, Padam Gurung, Som Gurung, and Tek Gurung continue to own and

manage the restaurant, and oversee the same employees. The restaurant continues to sell Nepalese food and the menu items are identical as well.

14. Defendant corporations are an enterprise engaged in interstate commerce within the meaning of the FLSA in that the restaurant has employees engaged in commerce or the production of goods for commerce and handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person. On information and belief, based on Plaintiffs' knowledge of tips received, meals sold, and Plaintiff Thapa's handling of the restaurant's cash register and "POS" (point-of-sale) system, the restaurant's annual gross volume of sales has been over $500,000 in each year through the duration of Plaintiffs' employment. Also, on information and belief, defendant corporations use standard food products, such as spices from India, that have been moved in interstate commerce.

15. Defendant Netra Gurung, on information and belief, is an owner and operator of Malingo Restaurant. While he maintains a residence in New Hampshire, this Defendant instructs Defendants Tek Gurung, Padam Gurung, and Prem Gurung on managerial duties, determines employee rates of pay, and comes to the restaurant at least monthly to discuss business with on-site managers and occasionally make renovations. His name appears on the restaurant's active liquor license. At all times relevant to this action, he had the power to hire and fire restaurant personnel, including Plaintiffs; determine the rate and method of compensation provided to restaurant personnel, including Plaintiffs; and manage and supervise restaurant personnel, including Plaintiffs. In a joint meeting with Defendants Som Gurung and Tek Gurung, Defendant Netra Gurung hired Plaintiff Budathoki and told him his job duties. In a later meeting with Defendant Som Gurung, this Defendant offered Plaintiff a raise to begin singing in addition

to playing music at the restaurant. He personally told Plaintiff Budathoki that he was an owner of the restaurant.

16. Defendant Padam Gurung, on information and belief, is an owner and operator of Malingo Restaurant. He was Plaintiffs' boss at the restaurant and worked at the restaurant daily, generally instructing employees on how to perform their job duties. He personally took cash, bills, and other sales records with him at the end of the night. At all times relevant to this action, he had the power to hire and fire restaurant personnel, including Plaintiffs; determine the rate and method of compensation provided to restaurant personnel, including Plaintiffs; and manage and supervise restaurant personnel, including Plaintiffs. This Defendant often paid the Plaintiffs himself. After a dispute over pay and working hours with Plaintiff Budathoki, this Defendant told Plaintiff over the phone that he should not come back to the restaurant.

17. Defendant Prem Gurung, on information and belief, was a manager at Malingo Restaurant. On information and belief, this Defendant began working at the Restaurant after Plaintiff Budathoki left his job but before Plaintiff Thapa began hers. He was Plaintiff Thapa's boss and worked at the restaurant every day except Monday, performing general managerial duties, handling expenses and cashing out the register at the end of the night. At all times relevant to this action, he had the power to hire and fire restaurant personnel, including Plaintiffs, and manage and supervise restaurant personnel, including Plaintiffs. Defendant Prem Gurung personally hired Plaintiff Thapa and paid her in cash. On information and belief, this Defendant was responsible for taking Plaintiff Thapa's tips during the period when she was purportedly paid the full minimum wage. Also on information and belief, this Defendant stopped working at the restaurant on or about December 12, 2016. Plaintiff Bimal Budathoki's claims do not apply against this Defendant.

18. Defendant Som Gurung, on information and belief, is an owner and operator of Malingo Restaurant. While he maintains a residence in New Hampshire, this Defendant instructs Defendants Tek Gurung, Padam Gurung, and Prem Gurung on managerial duties, determines employee rates of pay, and comes to the restaurant at least monthly to discuss business with on-site managers. At all times relevant to this action, he had the power to hire and fire restaurant personnel, including Plaintiffs; determine the rate and method of compensation provided to restaurant personnel, including Plaintiffs; and manage and supervise restaurant personnel, including Plaintiffs. In a joint meeting with Defendants Netra and Tek Gurung, Defendant Som Gurung hired Plaintiff Budathoki and told him his job duties. In a later meeting with Defendant Netra Gurung, this Defendant offered Plaintiff Budathoki a raise to begin singing in addition to playing music at the restaurant. He personally told Plaintiff Budathoki that he was an owner of the restaurant. Plaintiff Budathoki has seen Defendant Som Gurung hire and fire several managers over the years in which he worked at the restaurant.

19. Defendant Tek Gurung, on information and belief, is an owner of Malingo Restaurant and the CEO of Defendant Himalayan Malingo Inc. He worked at the restaurant every weekend day—Friday, Saturday, and Sunday—and occasionally on weekdays. At all times relevant to this action, he had the power to hire and fire restaurant personnel, including Plaintiffs; determine the rate and method of compensation provided to restaurant personnel, including Plaintiffs; and manage and supervise restaurant personnel, including Plaintiffs. Defendant Padam Gurung introduced Defendant Tek Gurung to Plaintiff Thapa as one of his bosses. In a joint meeting with Defendants Netra Gurung and Som Gurung, Defendant Tek Gurung hired Plaintiff Budathoki and told him his job duties. Defendant Tek Gurung usually paid Plaintiff Budathoki in check. He was in charge of telling Plaintiff Budathoki when to start

6

and stop playing music and also gave orders to other employees.  After Plaintiff Budathoki stopped working at the restaurant, he called Defendant Tek Gurung to ask if he could retrieve his musical equipment, and Defendant told him to stay off the premises or he would call the police.

20. At all times relevant to this action, Defendants were Plaintiffs' employers as that term is defined by the FLSA and New York Labor Law.

## STATEMENT OF FACTS

### MINIMUM WAGE AND UNPAID WAGES

21. Both the federal Fair Labor Standards Act and New York Labor Law require that workers be paid a minimum wage.  29 U.S.C. § 206; N.Y. Lab. §652, 12 NYCRR § 146 – 1.2.

22. New York Labor Law additionally requires that manual workers be paid weekly "and not later than seven calendar days after the end of the week in which the wages are earned."  Other employees must not be paid less frequently than "semi-monthly."  N.Y. Lab. Law § 191 et seq.

23. As is more fully described below, Defendants have not satisfied the required conditions to legally take a tip credit from Plaintiff Thapa.  Therefore, Plaintiff Thapa is entitled to the full minimum wage.

24. Plaintiff Bimal Budathoki worked Friday, Saturday and Sunday nights at the restaurant from on or about January 2012 through on or about June 24, 2016.  He played music on a keyboard and provided a microphone for karaoke in the restaurant's basement.  Typically, his hours were 8:00 PM to 2:30 AM.  He was promised a salary of $400 per weekend, or $133.33 per night.  He was usually paid in check, but did not receive any written pay stubs.  His payments were delivered by Defendants Padam Gurung or Tek Gurung at arbitrary intervals: sometimes weekly, sometimes monthly.

25. From the weekend of April 17, 2016, until the last day of his employment, June 24, 2016, Plaintiff Bimal Budathoki worked 27 nights without being paid by Defendants, except for a $1,000 check which Defendants paid to him on or about his last week of work. At a rate of $133.33 per night, Defendants have still failed to pay Plaintiff for approximately $2,600.00 worth of work.

26. Plaintiff Deepa Thapa worked at the restaurant from on or about August 26, 2016 until on or about December 25, 2016. From August 26 through October 9, she worked weekend shifts, every Friday, Saturday, and Sunday evening from about 5:00 PM through 2:30 AM. After a vacation, she returned to the restaurant and worked longer hours from October 27 through December 25. She generally worked four to six days a week during this time, in shifts from about 11:30 AM to 11:00 PM. This amounted to between roughly 46 and 69 hours per week. Plaintiff was not permitted to take a break during her work hours. She was provided meals, but no official break time was given.

27. During her part time employment from August 26 through October 9, Plaintiff Deepa Thapa was promised a salary of $40 per day plus tips, and paid accordingly. During the next stage of her employment, from October 27 through December 15, Plaintiff was promised the full minimum wage at $9 per hour. She was not allowed to keep tips that customers left for her during this time. Between October 27 and November 25, Plaintiff was paid intermittently in cash, three times, in payments of $600, $900, and $200. These payments were delivered by Defendant Prem Gurung. After November 25, she never received any pay. Between December 16 and December 25, Plaintiff was once again promised a salary of $40 plus tips, but was not paid for any of her work during that time.

28. Plaintiff Deepa Thapa was paid less than the full minimum wage. The minimum wage in New York during Plaintiff's employment was $9.00 per hour. During the period when Plaintiff was paid $40 per day, she was working roughly 9.5 hour days, amounting to an effective hourly wage of $4.21.

29. Plaintiff Deepa Thapa is entitled to the full minimum wage rate. Defendants cannot take a tip credit under the FLSA or New York Labor Law as they failed to notify Plantiff orally or in writing about the tip credit provisions of those laws, and because Plaintiff was not allowed to keep all of the tips she earned. 29 U.S.C. § 203(m); 12 NYCRR § 146 – 1.3.

## OVERTIME PAY

30. Federal and New York Labor Law both require that Defendants pay an overtime rate of one-and-a-half times the regular rate of pay for each hour of work over 40 hours a week. 29 U.S.C. § 207; N.Y. Lab. § 650 et seq., 12 NYCRR § 146 – 1.4.

31. Plaintiff Deepa Thapa regularly worked over 40 hours per week, and at no time did Defendants pay Plaintiff her lawful overtime wages. Because Defendants cannot take a tip credit under the FLSA or New York Labor Law, Plaintiff Thapa is entitled to overtime pay based on the full minimum wage rate.

## SPREAD OF HOURS

32. New York State Department of Labor Regulations § 146-1.6 provides that, if an employee is at work for 10 hours per day, then the employer is required to pay the employee an extra hour of pay at the full minimum wage. 12 NYCRR § 146-1.6. This "spread of hours" regulation is applicable even if there is a split shift.

33. Plaintiff Deepa Thapa was regularly at work for more than ten hours per day. Defendants never paid Plaintiff Thapa an extra hour's pay at the full minimum wage.

## UNLAWFUL DEDUCTIONS AND KICKBACKS

34. The Fair Labor Standards Act prohibits employers from requiring minimum wage employees to give any money back to his or her employer. 29 U.S.C. § 201 et seq; 29 C.F.R. § 531.35.

35. The Fair Labor Standards Act also prohibits employers from requiring employees to purchase "tools of the trade," when the cost of such tools would cut into the minimum wages required to be paid to the employee. 29 U.S.C. § 201 et seq; 29 C.F.R. § 531.35.

36. New York Labor Law prohibits any deductions from wages, other than standard deductions for taxes and Social Security, etc. N.Y. Lab § 193. The law expressly prohibits deductions for spoilage or breakage, deductions for customer non-payment, deductions for cash shortages, and fines or penalties for lateness or other misconduct. 12 NYCRR § 146-2.7.

37. New York Labor Law also prohibits employers from receiving "kickbacks" from their employees. N.Y. Lab. § 198-b. This law states that an employer may not receive or demand anything of value from an employee, upon an understanding that failure to comply may prevent the employee from procuring or retaining employment.

38. Additionally, both New York Labor Law and the FLSA prohibit the taking of tips given to an employee, except in a tip pooling scheme, where the money may be distributed among employees who customarily and regularly receive tips, such as waiters or bussers. 29 U.S.C. § 203(m); N.Y. Lab. § 196-d.

39. During the period when she was purportedly being paid the full minimum wage, Defendants required Plaintiff Deepa Thapa to surrender tip money given to her by customers. Plaintiff estimates that roughly $100 in tips was taken from her per weekday, and $150 per weekend day.

40. Defendants required Plaintiff Deepa Thapa to pay a $150 "deposit" to Defendants upon beginning work, in case of customer nonpayment or speculative damage that she might cause to the restaurant. The deposit was never returned to her. This unlawful deduction effectively reduced Plaintiff's wages even further below the minimum wage.

41. Defendants required Plaintiff Bimal Budathoki to purchase his own musical equipment, a keyboard and a microphone, in order to perform his job duties. Defendants did not reimburse Plaintiff for these costs. These expenses reduced Plaintiff's wages below the minimum wage during the period in which he purchased the equipment.

## EMPLOYEE NOTICE VIOLATIONS

42. New York State Labor Law requires that employers provide their employees in writing at the time of hiring, in English and in the employees' primary language, notice of the rate of pay, tip allowances, meal allowances, and other information pertinent to employment. N.Y. Labor Law § 195(1).

43. New York State Labor Law also requires that, with every payment of wages, employers provide their employees with a statement indicating the rates of pay and basis thereof, deductions and allowances claimed as part of the minimum wage, the overtime rate of pay and overtime hours worked, and other information pertinent to employment. N.Y. Labor Law § 195(3)

44. At no time during Plaintiffs' employment with Defendants did they receive the hiring notice or wage notice statements required by law.

## CONVERSION AND REPLEVIN

45. The common-law tort of conversion applies when one person intentionally interferes with another's personal property, depriving that person of use and possession of that property.

46. On or about 2010, Plaintiff Bimal Budathoki purchased an electronic keyboard for about $2,400 to play music at the restaurant. On or about 2011, Plaintiff also purchased a microphone for about $109, for singing and karaoke at the restaurant. Defendants never reimbursed him for the cost of this equipment.

47. After Plaintiff left his job, he repeatedly requested access to the restaurant so that he could enter and retrieve his equipment. Defendant Tek Gurung refused him permission to retrieve his equipment, threatened to call the police if Plaintiff entered the premises, and stopped taking phone calls from Plaintiff.

48. Since on or about June 24, 2016, Defendants have exercised full dominion and control over Plaintiff's musical equipment. Defendants have deprived Plaintiff of use and possession of his personal property.

49. Plaintiff has suffered damages as a result of Defendants' unlawful acts. Plaintiff has not been able to find another consistent performance job as a musician since leaving his job at the restaurant.

KNOWING AND INTENTIONAL ACTS

50. Defendants knowingly, willfully and intentionally committed the acts alleged herein.

51. Defendants knew that the nonpayment of minimum wage, overtime pay and spread-of-hours pay would financially injure Plaintiffs.

52. Defendants never gave Plaintiffs the required United States Department of Labor and New York State Department of Labor notice regarding minimum wage, overtime pay and tips.

53. Defendants knowingly and intentionally required Plaintiff Deepa Thapa to pay an unlawful "deposit" out of pocket, further reducing her wages below the minimum wage.

54. Defendants knowingly and intentionally took Plaintiff Deepa Thapa's tips.

55. Defendants knowingly and intentionally deprived Plaintiff Bimal Budathoki of the possession of his musical equipment, which they knew was his personal property, and made threats to prevent him from peacefully obtaining it.

56. On information and belief, Defendants knowingly and intentionally failed to keep time and payroll records to avoid liability.

## CAUSES OF ACTION

### COUNT I

*Federal Minimum Wage and Overtime Violations*

57. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs as if fully set forth herein.

58. Defendants willfully and intentionally failed to compensate Plaintiffs the applicable minimum hourly wage and to pay overtime for Plaintiff Thapa's hours over forty (40) hours per week in violation of 29 U.S.C. § 201 et seq.

59. Defendants have willfully and intentionally failed to comply with the FLSA with respect to compensation of Plaintiffs.

60. Due to Defendants' violations of the FLSA, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid minimum wages and unpaid overtime

13

compensation and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, pursuant to the FLSA, all in an amount to be determined at trial. 29 U.S.C. § 216(b).

## COUNT II

*New York State Minimum Wage, Overtime and "Spread-of-Hours" Violations*

61. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs as if fully set forth herein.

62. Defendants willfully and intentionally failed to compensate Plaintiffs the applicable minimum hourly wage, including Plaintiff Thapa's overtime pay and spread-of-hours pay, in violation of N.Y. Lab. Law § 650 et seq. and supporting regulations and orders of the New York State Department of Labor.

63. Defendants have failed to make a good faith effort to comply with New York Labor Law with respect to compensation of Plaintiffs.

64. Due to Defendants' violations of New York Labor Law, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid minimum wages, unpaid overtime and "spread of hours" compensation, and liquidated damages and pre- and post-judgment interest, as well as reasonable attorneys' fees and costs of the action, all in an amount to be determined at trial, pursuant to New York Labor Law. N.Y. Lab. Law § 663.

## COUNT III

*New York State Unpaid Wages*

65. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs as if fully set forth herein.

66. Defendants willfully and intentionally failed to compensate Plaintiffs their promised wages in violation of N.Y. Lab. Law § 191 et seq. and supporting regulations and orders of the New York State Department of Labor.

67. Defendants have failed to make a good faith effort to comply with the New York Labor Law with respect to compensation of Plaintiffs.

68. Due to Defendants' violations of the New York Labor Law, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid promised wages, unpaid promised overtime compensation, and liquidated damages and pre- and post-judgment interest, as well as reasonable attorneys' fees and costs of the action, all in an amount to be determined at trial. New York Labor Law § 198.

## COUNT IV

*Federal and New York State Unlawful Deductions and Kickbacks*

69. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs as if fully set forth herein.

70. Defendants have taken unlawful deductions from Plaintiffs' wages in violation of New York State Labor Law § 193.

71. Defendants have taken further unlawful deductions by taking Plaintiff Thapa's gratuities in violation of 29 U.S.C. § 203(m) and New York State Labor Law § 196-d.

72. Defendants have taken unlawful kickbacks from Plaintiffs in violation of 29 C.F.R. § 531.35 and New York State Labor Law § 198-b.

73. Defendants have willfully and intentionally failed to comply with the FLSA with respect to compensation of Plaintiffs.

74. Defendants have failed to make a good faith effort to comply with the New York Labor Law with respect to compensation of Plaintiffs.

75. Due to Defendants' violations of 29 U.S.C. § 203(m) and New York Labor Laws §§ 193, 196-d, and 198-b, Plaintiffs are entitled to recover from Defendants, jointly and severally, an amount to be determined at trial together with liquidated damages and pre- and post-judgment interest, costs and attorneys' fees pursuant to New York Labor Law. 29 U.S.C. § 201 et seq; N.Y. Lab. Law § 198.

## COUNT V

*New York State Notice to Employee Violation*

76. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs as if fully set forth herein.

77. Defendants intentionally failed to provide written notice to Plaintiffs of the rate of pay, tip allowances, and other pertinent employment information within ten business days of the beginning of their employment in violation of New York Labor Law § 195(1).

78. Defendants intentionally failed to provide Plaintiffs with a statement of the rate of pay, overtime rate of pay, hours worked, allowances taken, and other pertinent employment information upon receipt of their wages in violation of New York Labor Law § 195(3).

79. Defendants have failed to make a good faith effort to comply with the New York Labor Law with respect to providing notification to Plaintiffs.

80. Due to Defendants' violations of New York Labor Law § 195(1), Plaintiffs are entitled to recover from Defendants, jointly and severally, an amount to be determined at trial together with costs and attorneys' fees pursuant to New York Labor Law. N.Y. Lab. Law § 198 1-b.

81. Due to Defendants' violations of New York Labor Law § 195(3), Plaintiffs are entitled to recover from Defendants, jointly and severally, an amount to be determined at trial together with costs and attorneys' fees pursuant to New York Labor Law. N.Y. Lab. Law § 198 1-d.

## COUNT VI

### As to Plaintiff Bimal Budathoki

*New York State Conversion and Replevin*

82. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs as if fully set forth herein.

83. Plaintiff was the purchaser and the true owner of the electronic keyboard and microphone that he used at the restaurant.

84. Defendants have knowingly and intentionally deprived Plaintiff of the use and possession of his personal property in violation of New York law.

85. Plaintiff made explicit demands to Defendants to retrieve his property, and Defendants explicitly refused to return it or allow Plaintiff to collect it.

86. Plaintiff suffered damages as a result of Defendants' unlawful deprivation of his property.

87. Due to Defendants' violation of New York law, Plaintiff is entitled to recover from Defendants, jointly and severally, injunctive relief, along with compensatory damages and punitive damages in an amount to be determined at trial. C.P.L.R. Article 71.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully requests that a judgment be granted as follows:

(a) Declaring Defendants' conduct complained of herein to be in violation of Plaintiffs' rights under the FLSA and New York Labor Law;

(b) Awarding Plaintiffs unpaid wages, minimum wages. and overtime compensation due under the FLSA and New York Labor Law;

(c) Awarding Plaintiff Deepa Thapa compensation for all "spread-of-hours" violations due under 12 NYCRR § 146-1.6;

(d) Awarding Plaintiffs compensation for unlawful salary deductions and taking of tips in violation of 29 U.S.C. § 203(m) and N.Y. Lab. Law §§ 193, 196, and 198-b.

(e) Awarding Plaintiffs compensation for failure to provide notice and wage statements under N.Y. Lab. Law § 195;

(f) Awarding Plaintiff Bimal Budathoki compensatory and punitive damages for the unlawful conversion of his personal property;

(g) Awarding Plaintiff Bimal Budathoki injunctive relief;

(h) Awarding Plaintiffs liquidated damages;

(i) Awarding Plaintiffs pre-judgment and post-judgment interest;

(j) Awarding Plaintiffs the costs of this action, together with reasonable attorneys' fees; and

(k) Awarding such other relief as this Court deems is just and proper.

Dated: February 15, 2017

                                                                                                                                                                    Respectfully submitted,

                                                                                            _____/s/_ Michael Turi_____
                                                                   Michael Turi
                                                                  Kenneth Kimerling
                                                                 Asian American Legal Defense and
                                                                 Education Fund
                                                                99 Hudson Street, 12th Floor

New York, New York 10013
(212) 966-5932

ATTORNEYS FOR PLAINTIFFS